# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

BOYD JONES CONSTRUCTION
COMPANY,

        Plaintiff,

v.

BENJAMIN VELINSKY,

        Defendant.

Case No. 8:17-cv-154

**PROTECTIVE ORDER**

This matter is before the Court on the parties' Joint Motion for Protective Order and Order Governing the Disclosure of Privileged Information. ([Filing No. 31](#).) The motion is granted.

**IT IS ORDERED:**

This Protective Order shall govern the use and dissemination of all information, documents, or materials produced by the parties and designated as Confidential.

    A.    <u>DEFINITIONS</u>. Limitations under this Protective Order on the use or disclosure of documents, deposition testimony or other discovery designated as "Confidential" shall apply to (a) all information, copies, extracts and complete or partial summaries prepared or derived from such documents or testimony; (b) portions of deposition transcripts, answers to interrogatories, responses to requests for admissions, responses to requests for production, initial disclosures and exhibits thereto which directly refer or directly relate to any such information, documents, copies, extracts or summaries; and (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which directly relate to any such information, documents, copies, extracts or summaries. Such Confidential Information shall include the following:

        i.    Any and all documents referring or related to confidential and/or

  proprietary human resources or business information, including Trade Secrets;

ii. Client/customer contact and preference information;

iii. Documents identifying potential clients/customers or potential projects;

iv. Any financial information pertaining to either party;

v. Compensation of Plaintiff's current or former personnel;

vi. Any documents from the personnel, medical, FMLA, or workers' compensation file of any current or former employee or contractor; and

vii. Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

Nothing in this Protective Order, including the list of Confidential Information above, should be construed as a waiver of any objections to particular discovery requests or a concession of the relevance or admissibility of any document or information.

  B. <u>CONFIDENTIAL DOCUMENTS</u>.  Before produced documents are copied or inspected, the producing party may stamp as "Confidential" any document or deposition testimony it believes contains Confidential Information in order to limit disclosure as set forth in this Paragraph B.  Documents designated "Confidential," deposition testimony so designated, and information derived therefrom will be retained by counsel and will not be used for any purpose other than this litigation and will not be disclosed except pursuant to court order entered after notice, to anyone except:

i. Counsel of record for the parties who have approving this Order as to form and content and employees of such counsel's law firms who are directly involved in this litigation;

ii. Experts and consultants retained by either of the parties for purposes of assisting in the preparation or presentation of claims or defenses;

iii. Any deposition or trial witness, during the course of deposition or trial testimony, when necessary to the testimony of such witness, or during preparation for deposition or trial testimony;

iv. Any person who was involved in the preparation of the document;

v. Court, Court personnel, court reporters, and similar personnel;

vi. The named parties to this case, excluding their agents and/or representatives except those identified at Paragraph B(i) above; provided such parties review the confidential materials with their attorney or at their attorney's office. "Parties" shall mean those officers, directors, and corporate counsel charged with decision-making authority on this lawsuit.

vii. Any other person with the prior written consent of the party producing the document, pleading or deposition testimony.

Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (ii), (iii), and (vii) shall be shown a copy of, and shall agree in writing, or on the record during trial or deposition, to be bound by the terms of this Protective Order. During a deposition, any party asserting confidentiality of any of its documents shall ask the deponent on the record to accept the terms of this Order. If the deponent refuses to assent, disclosure of the documents during deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

Documents marked "Confidential" shall be maintained at the offices of counsel and each party shall not be permitted to keep or possess copies of any documents marked confidential, which were produced to them by the other party. Provided that, however,

each party may be shown confidential documents in the presence of their counsel or documents may be provided to expert witnesses provided the expert witness is not a party and does not provide the documents to a party.

Nothing in this Protective Order shall be construed as an agreement by the receiving party that any designation of material as "Confidential" is appropriate and nothing herein shall prevent a receiving party from challenging any such designation.

C. <u>MATERIALS FOR ATTORNEYS' EYES ONLY</u>. Counsel for a producing party may further designate such "Confidential" materials as for "Attorneys' Eyes Only" if such counsel concludes that the material constitutes or contains non-public information that is highly personal in nature or is competitively sensitive and proprietary to the producing party, or from which competitively sensitive and proprietary information belonging to a producing party could be derived. Material designated as "Attorneys' Eyes Only" may not be disclosed to anyone other than counsel of record for the parties, and in all other respects shall be treated as "Confidential" material under this Protective Order. Nothing in this Protective Order shall be construed as an agreement by the receiving party that any designation of material as "Attorneys' Eyes Only" is appropriate and nothing herein shall prevent a receiving party from challenging any such designation.

D. <u>RE-DESIGNATION OF MATERIALS AS CONFIDENTIAL OR FOR ATTORNEY'S EYES ONLY.</u> In the event a producing party inadvertently omits to designate materials as "Confidential" and/or for "Attorney's Eyes Only," such omission shall not be deemed a waiver of its entitlement to do so if the producing party notifies all other parties of the omission promptly after discovering the omission and provides the receiving party with replacement copies of the documents or things bearing the appropriate designation. Upon receipt of the replacement copies, the receiving party

shall retrieve and return or destroy all copies of the previously produced documents or materials.

E. <u>THIRD PARTY WITNESSES</u>. A copy of this Protective Order may be served with a subpoena or Notice of Deposition on each third-party deponent. A third-party witness may designate a document as "Confidential" or "Attorney's Eyes Only" pursuant to this Order by stamping it with such notice prior to production or so identifying it on the record during the deposition of that third party. Either party may also designate documents produced by a third party as being "Confidential" pursuant to the terms of this Order within ten (10) days of being made aware of the content of such documents. Any document produced by a third party shall be treated as "Confidential" pursuant to the terms of this Order for such ten (10) day period and thereafter if designated as "Confidential" by either party or by the third party which produces it. The "Confidential" restrictions of this Order shall no longer apply to any document produced by a third party which has not been designated as "Confidential" by the third party or by a party within such ten (10) day period.

F. <u>CHALLENGE TO DESIGNATION</u>. If a party or an attorney for a party disputes the propriety of a "Confidential" or "Attorney's Eyes Only" designation, the parties and/or attorneys shall attempt to resolve the dispute between themselves by written or verbal means. If they are unsuccessful, the challenging party may file an appropriate motion. The challenging party and its attorneys shall nevertheless treat the documents or information as "Confidential" or "Attorney's Eyes Only," as the case may be, until such time as this Court rules on the motion. Any use of a document or information by either party in connection with this lawsuit prior to the filing of such a motion will not be deemed a waiver of the right to request designation of the document

as "Confidential" or "Attorney's Eyes Only." In addition, a party does not waive its right to challenge a "Confidential" or "Attorney's Eyes Only" designation by electing not to mount a challenge at the time a designation is made and is not precluded from making a subsequent challenge thereto during the pendency of this litigation. The burden to prove the document should be treated as "Confidential" or "Attorney's Eyes Only" shall be on the non-moving party.

G. <u>RETURN OF DOCUMENTS</u>. Upon completion of the litigation, all documents and copies of the same designated "Confidential" or "Attorney's Eyes Only" shall be destroyed or returned to counsel for the producing party with signed statement reflecting the disposition. Notwithstanding the other provisions of this paragraph, counsel for each party may retain one (1) complete set of the pleadings, trial transcripts, exhibits admitted in any deposition, documents filed with the court, deposition transcripts (including deposition exhibits), and discovery responses. All persons subject to this Protective Order shall remain bound to preserve the confidentiality of such documents in accordance with the provisions of this Protective Order. Nothing herein shall require counsel for any party to return or destroy correspondence, including electronic email correspondence, which has "CONFIDENTIAL" materials attached thereto but legal counsel shall remain bound to preserve the confidentiality of such materials.

H. <u>USE OF CONFIDENTIAL DOCUMENTS</u>. Any document or other material marked "Confidential," or the contents thereof, may be used by a recipient only in connection with this action. Nothing contained in this Protective Order shall prevent the use of any document or other material marked "Confidential," or the contents thereof, as evidence at trial or at any deposition taken in this action. The parties, attorneys, and

other persons to whom disclosure is made shall take appropriate measures at trial, at depositions, and in the filing of any documents or materials with the Court to protect the confidentiality of any document or other material marked "Confidential" or the contents thereof. For example, the party who received the "Confidential" material and wishes to introduce such materials in a court filing or at trial must seek the Court's leave to file such documents as "Restricted." In addition, nothing in this Protective Order shall preclude the receiving party from using "Confidential" material to make reports, create simulations, *etc.*, but such work product shall itself be designated "Confidential."

   I. <u>USE OF "ATTORNEY EYES ONLY" MATERIALS</u>. Any document or other material marked "Attorney's Eyes Only" shall have the same limitations as those marked "Confidential" and, in addition, shall not be disclosed to anyone other than counsel of record for the parties. Counsel of record for the parties may discuss the content of documents marked "Attorney's Eyes Only" with their clients in order to prepare or defend their case but cannot provide copies of any such documents to their clients. The parties may not take notes regarding or otherwise record the content of documents marked "Attorney's Eyes Only." Documents marked "Attorney's Eyes Only" may be used during depositions only with a producing party. With respect to the use at trial of documents or information marked "Attorney's Eyes Only," the parties will identify on their respective trial exhibit lists which exhibits have been so marked, and counsel for the parties will discuss with the Court during the pretrial conference the manner in which such exhibits will be handled during trial. In addition, nothing in this order shall preclude the receiving party from using "Attorney's Eyes Only" material to make reports, create simulations, *etc.*, but such work product itself shall be designated as "Attorney's Eyes Only."

J.      USE OF CONFIDENTIAL DOCUMENTS IN BUSINESS.  This Protective Order does not affect the right of the parties to use their own "Confidential" or "Attorney's Eyes Only" documents or information in the ordinary course of business.

K.      LEGAL ADVICE CONCERNING CONFIDENTIAL AND ATTORNEYS-EYES-ONLY DOCUMENTS.  Nothing in this Protective Order shall bar or otherwise restrict any counsel representing a party in this action from rendering advice to his or her client with respect to this litigation.  In the course of doing so, said attorney may generally refer to or rely upon his or her conclusions or opinion formed upon examination of documents marked "Confidential" or "Attorney's Eyes Only," but shall not disclose the specific contents of such documents to persons not authorized to receive such material pursuant to this Protective Order

L.      SUBPOENAS AND LEGAL PROCESS.  In the event that any party is subpoenaed or served with any other legal process by a person not a party to this litigation and is thereby requested to produce or otherwise disclose "Confidential" or "Attorney's Eye's Only" information that was so designated by another party, the party subpoenaed or served as referred to in this paragraph shall object to the production of the "Confidential" and "Attorney's Eye's Only" information by setting forth the existence of this Protective Order and shall give prompt and immediate written notice to the party who produced the "Confidential" or "Attorney's Eye's Only" information in this litigation and its attorneys.  Nothing in this Protective Order shall be construed as requiring the party from whom "Confidential" or "Attorney's Eye's Only" information was requested to challenge or appeal any order requiring production of "Confidential" or "Attorney's Eye's Only" information covered by this Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

Notwithstanding the other provisions of this paragraph, a party from whom "Confidential" documents or information are subpoenaed or otherwise required by a governmental agency must notify the entity requesting the documents or information of its "Confidential" or "Attorney's Eye's Only" status, and may ultimately produce the documents or information to that agency without itself making objections, but shall provide prompt and immediate written notice of any such subpoena to the party who disclosed the "Confidential" or "Attorney's Eye's Only" information and its attorneys.

M. <u>EXCEPTIONS</u>. The restrictions embodied in this Order shall be binding on the party to whom "Confidential" or "Attorney's Eyes Only" information is disclosed unless and until there is a showing that:

    i. Such information was or has become public knowledge absent a breach of this Protective Order; or

    ii. The party to whom such disclosure was made had already learned such information from a third party who himself/herself has not breached any confidential relationship which may have existed or exists between such third party and the party making the disclosure.

N. <u>NON-EXCLUSIVITY</u>. This Protective Order does not affect the right of a party to seek to compel disclosure or production of a document or to seek an order modifying or limiting this Protective Order in any aspect. The obligations and prohibitions under this Protective Order are not exclusive. No disclosure under this Protective Order shall constitute a waiver of any objection to admissibility of the document or applicable privilege. All other ethical, legal and equitable obligations are unaffected by this agreement.

O. <u>WAIVER</u>. Any waiver under this Protective Order must be made in writing or, if at a deposition or in Court, on the record.

P. <u>ENFORCEMENT</u>. Any party or person subject to the obligations and prohibitions of this Protective Order who is determined by the Court to have violated its terms is subject to sanctions imposed by the Court pursuant to the Federal Rules or other applicable law.

Dated this 20th day of September, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge